**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUIS ALEJANDRO PINA-MARTINEZ,

Petitioner,

v. No. 2:26-cv-02257-KG-SCY

TODD BLANCHE, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Luis Alejandro Pina-Martinez's ("Petitioner") pro se Motion to Enforce The August 28, 2026 Order, to Require A Compliance Report and the Bond-Hearing Record, and for Expedited Consideration, ("Motion to Enforce"), Doc. 9. For the reasons below, the Court denies the Motion to Enforce.

***I. Background***

Petitioner is a native and citizen of Venezuela who entered the United States on or about May 1, 2024, and was released on his own recognizance. Doc. 6-1 at 2; Doc. 1 at 4. On July 2, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and placed in removal proceedings. Doc. 6-1 at 2; Doc. 1 at 4. On July 13, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus seeking immediate release, or, in the alternative, an individualized bond hearing. *See* Doc. 1. At that time, Respondents did not oppose an order requiring a bond hearing, but did oppose his release. Doc. 6 at 1. Based these facts, the Court granted the Petition and ordered Respondents to "provide Petitioner with a bond hearing where Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community." Doc. 7. On September 1,

2026, Petitioner received his Court ordered bond hearing. Doc. 8-1 at 1–2. At the end of the hearing, the Immigration Judge ("IJ") denied bond for the following reasons: "risk, manner of entry, lack of ties, speculative form of relief, lack of a sponsor, lack of fixed address, and respondent claims he has no fear of return to his home country." *Id.*

Petitioner's Motion to Enforce challenges his denial of bond and alleges the IJ deprived Petitioner of a meaningful opportunity to be heard. Doc. 9 at 3–7. The Motion to Enforce also states that "docket materials available for preparation of this motion do not show the compliance status report required by Doc. 7" and asks the Court "to identify any report by filing date and docket number, and provide a copy." *Id.* at 2–3. The Government did not file a Response.

***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens

detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## ***III. Analysis***

As an initial matter, the Court notes that Respondents' Notice of Compliance—filed on September 8, 2026—included a copy of the IJ's order denying bond. *See* Doc. 8-1 at 1–2. Because Petitioner is proceeding pro se, the Court will direct the Clerk's Office to mail a copy of that order, along with the Government's Notice of Compliance, to Petitioner. If Petitioner certifies that he did not receive a copy of the IJ's order and believes there is additional

information that should be brought to the Court's attention, he may then file a Motion to Reconsider the Motion to Enforce.

Proceeding to the merits of the Motion to Enforce, the Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 8-1 at 1–2. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* at 1–2. Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies this Court's prior Order. *See* Doc. 7.

***IV. Conclusion***

For the reasons above, the Motion to Enforce, Doc. 9, is DENIED. The Clerk's Office shall mail a copy of the Government's Notice of Compliance, Doc. 8, to Petitioner, along with the attachment, Doc. 8-1, titled "Order of the Immigration Judge."

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.